```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

**THOMAS CAPPELLO**               :     **CIVIL ACTION**
                                  :
          **v.**                  :
                                  :
**COMMONWEALTH OF PA., et al**.   :     **NO. 02-5019**

## M E M O R A N D U M

JOYNER, J.                                       SEPTEMBER    , 2002

Plaintiff, a prisoner at Lehigh County Prison, has filed a pro se 42 U.S.C. § 1983 civil rights complaint against the Commonwealth of Pennsylvania and Lehigh County Common Pleas Judge Edward D. Reibman.  Plaintiff alleges that Judge Reibman wrongly denied his petition for immediate return of confiscated guns to his father, Benedict Cappello, who is the owner of the guns.  Plaintiff seeks compensatory and injunctive relief.

With his complaint, plaintiff filed a request for leave to proceed in forma pauperis.  As it appears he is unable to pay the cost of commencing this action, leave to proceed in forma pauperis is granted.  For the reasons which follow, this complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e).

**I. DISCUSSION**

    **A. Commonwealth of Pennsylvania**

Plaintiff's claim for damages against the Commonwealth of Pennsylvania must be dismissed because the Eleventh Amendment to the United States Constitution prohibits actions for damages against a state in federal court unless the state has waived its

immunity. U.S. Const. amend. XI; Edelman v. Jordan, 415 U.S. 651 (1974)("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"). There is no waiver of state immunity applicable to this case. Moreover, the Supreme Court has held that "[a] state is not a person within the meaning of § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).

**B. Judge Edward D. Reibman**

Plaintiff's claim for damages against Judge Edward D. Reibman must be dismissed because judges are entitled to absolute immunity in § 1983 actions seeking money damages for actions performed in their judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978). Only if a judge acts in the "clear absence of jurisdiction" is that immunity forfeited. Id. at 356. Judges are not immune from § 1983 actions for declaratory or injunctive, rather than monetary, relief. Pulliam v. Allen, 466 U.S. 522 (1984). However, plaintiff can only obtain equitable relief under § 1983 if he demonstrates: 1) an inadequate remedy at law; and 2) irreparable injury which is "both great and immediate." Pulliam, 466 U.S. at 537 & n.17 (quoting Younger v. Harris, 401 U.S. 37, 46 (1971)). The Court need not concern itself here with whether plaintiff has suffered irreparable injury because plaintiff's ability to seek appellate review of Judge Reibman's order in state court clearly provides him an adequate remedy.

See <u>Pulliam</u>, 466 U.S. 542 & n.22 (appropriate to consider whether plaintiff has an adequate remedy under state law.)

**II. CONCLUSION**

Plaintiff has advanced an "indisputably meritless legal theory." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). Accordingly, dismissal of this complaint pursuant to 28 U.S.C. § 1915(e) is appropriate. An order dismissing this complaint follows.

```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| **THOMAS CAPPELLO** | : | **CIVIL ACTION** |
| **v.** | : | |
| **COMMONWEALTH OF PA., et al.** | : | **NO. 02-5019** |

**O R D E R**

AND NOW, this        day of September, 2002, IT IS HEREBY ORDERED that:

   1.  Leave to proceed in forma pauperis is GRANTED pursuant to 28 U.S.C. § 1915; and

   2.  Plaintiff's complaint is DISMISSED AS LEGALLY FRIVOLOUS pursuant to 28 U.S.C. § 1915(e).

**BY THE COURT:**


_____
**J. CURTIS JOYNER, J.**